IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3321-BO

**Michael Camp**,

        Plaintiff,

v.

**Dennis Daniels**, et al.,

        Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Michael Camp, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his safety in violation of the Eighth Amendment to the United States Constitution by failing to protect him from threats by members of the Bloods gang. (D.E. 1.) Before the court are Camp's Motion for Appointment of Counsel (D.E. 3) and Motion to Amend his Complaint (D.E. 10). The court will also review the viability of the claims contained in the Complaint as required by 28 U.S.C. § 1915A. After reviewing all of Camp's filings, the court will grant his Motion to Amend, deny his Motion for Appointment of Counsel, and allow his claims for violations of his rights under the Eighth Amendments to proceed. Furthermore, the undersigned recommends that the court dismiss Camp's claim for a violation of his due process rights under the Fourteenth Amendment.

**I.    Background**

In September 2013, the North Carolina Department of Corrections transferred Camp from Scotland Correctional Institution to Maury Correctional Institution due to threats made against him by members of the Bloods Gang. Despite his transfer, Camp still fears for his safety and has made repeated requests to be placed in protective custody, all of which have been unsuccessful.

1

Prison officials have denied his requests, he claims, even though he is subject to threats from Bloods incarcerated at Maury.

In March 2014, Camp was housed in the segregation unit for reasons unrelated to the threats against him. When his prescribed time in segregation came to an end, Camp refused to return to the general population because of his concerns for his safety. Prison officials disciplined Camp for his refusal to return to his housing unit and placed him on Intensive Control ("ICON") status. Camp unsuccessfully appealed his assignment to ICON on the ground that his refusal to comply with the order to return to general population was based solely upon concerns for his own safety. As a result of his placement on ICON status, Camp is unable to earn good time credits which would reduce the amount of time he is required to serve before his release. Camp claims that the decision to assign him to ICON is actually a form of retaliation against him for persisting in his attempts to be assigned to the protective housing unit.

## II.     Motion to Amend

The court first addresses Camp's request to amend his complaint ([D.E. 10). A party may amend its pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise a party may amend its pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Camp's petition is subject to a preliminary review pursuant to 28 U.S.C. § 1915, it has not been served and, therefore, his time to amend as a matter of course has not begun to run. Accordingly, Camp's Motion to Amend is granted. The court will review all of Camp's filings for the purposes of the review required by 28 U.S.C. § 1915A.

## III.    Review Under 28 U.S.C. § 1915A

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review actions filed by prisoners against governmental entities or officials. 28 U.S.C. §1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

In order to avoid dismissal for failing to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Camp's status as a *pro se* party relaxes, but does not eliminate, the requirement that his Complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

With this framework in mind, the court turns to its analysis of Camp's pleadings.

**A.     Eighth Amendment Claim – Refusal to Place in Protective Custody**

Camp claims that the Defendants violated his rights under the Eight Amendment by denying his requests to be placed in protective custody despite their awareness of threats upon his safety by members of the Bloods Gang. The Eighth Amendment, made applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment by government officials. U.S. Cont. amend VIII. A prison official may be held liable for an Eighth Amendment violation "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The Supreme Court has expressly left open the question

4

of "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes…." *Id.* at 834 n.3. Therefore, Camp may have a viable claim for a violation of his Eight Amendment rights and his claim will be allowed to proceed. *See White v. Smith*, 140 F. App'x. 464, 464 (4th Cir. 2005) (holding that a plaintiff's Eighth Amendment claim "that Defendants failed to place him in protective custody might present an arguable basis in the Eighth Amendment.") (citing *Farmer*, 511 U.S. at 837).

### B. Fourteenth Amendment – Due Process Violation

Camp also claims that the Defendants violated his rights under the Fourteenth Amendment's Due Process Clause by placing him on ICON status in retaliation for filing grievances and otherwise challenging prison officials' refusal to place him in protective custody. Camp claims that by placing him on ICON status, the Defendants are depriving him of the ability to obtain good time credits which would shorten his term of imprisonment. Camp seeks an order from the court requiring the Defendants to place him in protective custody or transfer him to another facility where he will be able to earn good time credits.

Camp's retaliation claim is substantially similar to the retaliation claim rejected as frivolous in *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). In *Adams*, an inmate claimed that North Carolina "prison officials violated his constitutional rights by retaliating against him for requesting protective custody." *Id.* at 73. The district court dismissed the inmate's claim as frivolous and the inmate appealed. *Id.*

The Fourth Circuit began its review of the district court's ruling by explaining that "claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution." *Id.* at 75. In light of this standard, the Court of Appeals affirmed the district court's determination that the inmate's retaliation claim was legally frivolous because

"[p]risoners have no right under the Constitution to be held in either protective or minimum custody." *Id.* The reasoning of *Adams* forecloses Camp's ability to maintain a retaliation claim based upon prison officials' decision to place him on ICON status. *See Burgess v. Hamm*, No. 5:11-CT-3229, 2012 WL 4018979, *6 (E.D.N.C. Sept. 12, 2012) ("Nor can it be said that placement on ICON status itself violated plaintiff's constitutional rights. Inmates have no inherent constitutional right to a particular custody classification.").

Moreover, Camp failed to include a sufficient factual basis to support his retaliation claim. Camp failed to allege any facts that substantiate his conclusory statement that prison officials placed him on ICON due to his continued complaints and grievances regarding their refusal to place him in protective custody. Although he is proceeding *pro se*, Camp is still required to provide "more than labels and conclusions" to properly state a claim for relief. *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The lack of substantiating factual allegations is all the more glaring in light of Camp's earlier allegations that he was placed on ICON status because he refused an order to return to his housing unit after he was released from segregation. Compl. ¶¶ 26-30.

Camp's claim of a due process violation stemming from his assignment to ICON status is both factually and legally insufficient. The court should dismiss this claim pursuant to 28 U.S.C. § 1915A(b) as frivolous and failing to state a claim upon which relief may be granted.

### IV. Motion for Appointment of Counsel

The final matter before the court is Camp's request for appointed counsel. D.E. 3. There is no constitutional right to counsel in civil cases and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of

6

counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a *pro se* litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Camp has not established that this action is exceptional such that he is entitled to the appointment of counsel. *Pro se* litigants regularly pursue Eighth Amendment claims in this court and Camp's filings do not demonstrate that his case is more complex than the average case. Additionally, Camp's filings in this matter demonstrate that he is capable of proceeding *pro se*. Therefore, Camp's Motion to Appoint Counsel will be denied.

## V. Conclusion

Based upon the foregoing discussion, the Court orders that Camp's Motion to Amend is granted, his Motion to Appoint Counsel is denied, and he may proceed with his Eighth Amendment Claim. Furthermore, it is recommended that the court dismiss Camp's claim alleging a due process violation be dismissed for failure to state a claim upon which relief may be granted.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Camp. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the

7

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Camp does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985)**.

Dated: June 29, 2015

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE